[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was denied due process concerning a disciplinary hearing process. He testified that on September 1, 1997 while in his cell he had his T-shirt placed upon his head. which he admits was in violation of prison regulations and subject to a disciplinary report. He was requested to throw the "contraband" to the tier by Correctional Officer Robles. In doing so, the petitioner threw it a distance of about five (5) feet striking the legs of the officer with the shirt. He stated that it was accidental since the officer was standing in the narrow doorway through which the shirt had to pass. He was given a disciplinary report for assault on an officer and placed in detention. He claims the respondent did not then follow his own regulations which require a review of the incident within 72 hours to determine further detention, a hearing within 7 days, an advocate who will make a thorough investigation at least 24 hours before the hearing and was never given the incident report. On September 11, 1997 the hearing found him guilty and sanctioned him 15 days in punitive segregation and 14 days confined to quarters.
The hearing officer received the reports obtained by the investigator, Officer Sousa, which indicated that both Robes and Officer Reeves who was with Robles in the "shake down" of cells stated that the petitioner was belligerent when responding to the order and appeared to throw the shirt intentionally at Robles. The petitioner's cellmate gave a statement that he thought the petitioner s thrown shirt hitting Robles was not on purpose. The petitioner denied the striking of the officer was intentional but did admit making the statements attributed to him. This court must find that the hearing officer s finding that the petitioner's behavior was reckless and his attitude poor and that the sanctions imposed were commensurate with the violation. CT Page 4290 Since the time periods of regulations are not mandatory, followed reasonably does not affect process.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill. 472 U.S. 445, 456.
For the above reasons the petition is denied.
Corrigan, JTR